IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**BRETT JONES,**

    **Plaintiff,**

**v.**

                                      **Civ. 10-657 BB/DJS**

**STATE OF NEW MEXICO, DOES 1-100;
ROSALIND F. TRIPP, DOES 1-50;
STATE OF NEW MEXICO COUNTY
OF SOCORRO, DOES 51-69;
STATE OF NEW MEXICO SOCORRO
COUNTY ROAD DEPARTMENT, DOES 71-75;
STATE OF NEW MEXICO LIVESTOCK BOARD, DOES 76-80,**

    **Defendants**.

## MEMORANDUM OPINION AND ORDER DISMISSING COMPLAINT

**THIS MATTER** comes before the Court on pro se Plaintiff Brett Jones' *Application to Proceed in District Court without Prepaying Fees or Costs* ("motion to proceed IFP"), filed July 13, 2010, *see* Doc. 2, and on the Court's concomitant obligation "to review the affidavit and screen his case under 28 U.S.C. §§ 1915(a) and (e)." *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1311 (10th Cir. 2005). Screening the case under § 1915(e) includes determining whether "the allegation of poverty is untrue" as well as determining whether the action "is frivolous or malicious, . . . fails to state a claim on which relief may be granted; or [] seeks monetary relief against a defendant who is immune from such relief." § 1915(e). "[I]n order to succeed on a motion to proceed IFP, the movant must show a financial inability to pay the required filing fees, as well as the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised in the action." *Lister*, 408 F.3d at 1312. If the Court determines that "the allegation of poverty is untrue," it must dismiss the

case.  *See* § 1915(e)(2)(A); *Trujillo v. Williams*, 465 F.3d 1210, 1217 n. 5 (10th Cir. 2006) (noting that dismissal of complaints under § 1915(e) is now mandatory).

**I. Jones has failed to show indigency.**

Regarding the ability-to-pay prong of the IFP analysis, IFP status should be granted only if a plaintiff demonstrates that he "cannot because of his poverty pay or give security for the costs . . . and still be able to provide himself and dependents with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).  Jones receives approximately $675/month from SSI.  Doc. 2 at 1.  He has no dependents, and no housing, transportation, utility, or other regular monthly expenses.  *See id.* at 2.  He owns no real estate or other assets.  *See id.*  He lists "medical" debts, but failed to set forth "the amounts owed and to whom they are payable" as required by the IFP form.  *See id.*  Jones has failed to show that he cannot, because of poverty, provide himself with the necessities of life and pay the filing fee.  *See Adkins*, 335 U.S. at 339.  His application to proceed IFP will, therefore, be denied and his Complaint must be dismissed.  *See* § 1915(e)(2)(A); *Trujillo*, 465 F.3d at 1217 n. 5.

**II. Jones has failed to state a cognizable federal claim**.

Further, Jones' Complaint must be dismissed for failure to state a cognizable federal claim. The Court takes judicial notice, *see United States v. Ahidley*, 486 F.3d 1184, 1192 n. 5 (10th Cir. 2007) (stating, "we may exercise our discretion to take judicial notice of publicly-filed records in our court and certain other courts concerning matters that bear directly upon the disposition of the case at hand"), that it recently granted Jones' motion to remand a very similar state-court complaint against Rosalind Trip and Does 1-50 that requested injunctive relief and damages of $10,000 because

Jones' "factual allegations describe violations only of state law." *Jones v. Tripp*, No. 10cv294 JP/RLP Doc. 24 at 2 (D.N.M. May 5, 2010).

The federal Complaint is titled "Civil Complaint claim, Injunctive Relief requested," Complaint at 1, but Jones also requests damages in the amount of $10.5 million from the State, $4.5 million from the County, $140,000 from Defendant Tripp, who is a Socorro County Commissioner, and $20,000 each from the unnamed Does 1-50, *see id.* at 13.

Contrary to the Federal Rules of Civil Procedure, Jones has failed to set forth a "statement of the grounds for the court's jurisdiction." FED. R. CIV. P. 8(a)(1).  He alleges that the Defendants have  engaged in a "conspiracy to Violate the rights of the Petitioner . . . which is against the Law USCA ss 4, 18, 242, 247." *Id.*  Given the hundreds of sections of the U.S. Code, it is difficult for the Court to divine from this statement which federal laws or rights Jones contends the Defendants have violated.

The Court should, if possible, "reasonably read [pro se] pleadings to state a valid claim on which the plaintiff could prevail, [and] it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  But the Court does not "supply additional factual allegations to round out [the plaintiff's] complaint or construct a legal theory on [his] behalf." *Whitney v. State of New Mexico*, 113 F.3d 1170, 1175 (10th Cir. 1997).

In screening Jones' Complaint under § 1915(e)(2)(B), the Court resolves the issue of whether it states a claim on which relief may be granted by applying the same standards used in resolving motions to dismiss for failure to state a claim brought under FED. R. CIV. P. 12(b)(6).  *See Kay v.*

*Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). In the wake of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and the more recent case of *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937 (2009), courts must carefully scrutinize a plaintiff's complaint to determine if an actionable claim is asserted. In *Twombly*, the Court noted that the pleading standard of FED. R. CIV. P. 8 does not require "detailed factual allegations," 550 U.S. at 555, but the Rule demands more than an unadorned "the defendant-unlawfully-harmed-me" account, *see Iqbal*, 129 S. Ct. at 1949. The Supreme Court warned against pleadings that offer "labels and conclusions" or "a formulaic recitation of the elements of the cause of action . . . ." These, the Court stated, "will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. In *Iqbal*, the Supreme Court noted:

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement" but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 129 S. Ct. at 1949 (internal citations omitted).

If Jones is seeking to bring suit under sections of Title 18 of the United States Code, *see, e.g.*, 18 U.S.C. § 242 (providing for criminal sanctions for the willful deprivation of civil rights), Jones has "no standing to institute a federal criminal prosecution and no power to enforce a criminal statute." *Murphy v. United States*, No. 97-1000, 1997 WL 352992, *1 (10th Cir. June 26, 1997). *See Diamond v. Charles*, 476 U.S. 54, 64-65 (1986) (noting that private citizens cannot compel enforcement of criminal law); *Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007) (holding

4

that "criminal statutes that do not provide for a private right of action [] are [] not enforceable through a civil action"); *Clements v. Chapman*, Nos. 05-1362, 05-1429, 189 Fed. App. 688, 692 (10th Cir. June 27, 2006) (unpublished) (noting that federal criminal statutes generally do not provide private causes of action and that § 1983 does not allow a plaintiff to pursue violations of federal criminal law); *Henry v. Albuquerque Police Dep't*, No. 01-2297, 49 Fed. App. 272, 273, 2002 WL 31379859, \*\*1 (10th Cir. Oct. 23, 2002) (affirming as "settled law" that 18 U.S.C. §§ 241 and 242, like other such criminal statutes, "do not provide for a private civil cause of action").

Like his state-court complaint, the bulk of Jones' federal Complaint complains about the Defendants' alleged violations of New Mexico laws or ordinances involving livestock and nuisances; negligence in failing to maintain roads and to provide street lights, street signs, water, and electricity to two areas called the Rio Grande and Tierra Grande estates (although nowhere in his Complaint does Jones allege that he owns land in those developments, and he swore in his financial affidavit that he owns no property); or breaches of undescribed contracts.

On page 5 of his Complaint, Jones alleges that the clerk of the Socorro County District Court, whom he does not specifically name as a Defendant, interfered with his right to access to the Courts by refusing to accept a document that he wanted to file for 39 days. Complaint at 5. On page 13-14 of his Complaint, Jones refers to his desire to file "criminal complaints" and complains that several of his complaints have not been filed. Complaint at 13. As noted above, however, private citizens cannot compel enforcement of criminal law. *See Diamond*, 476 U.S. at 64-65. Jones also complains that the clerk did not return to him copies of a lawsuit he wished to file against the State of New Mexico. *See id.* These sparse allegations will not state a § 1983 claim for violation of the fundamental right to access to courts. *See Lewis v. Casey,* 518 U.S. 343, 351-53 & n.2 (1996)

5

(explaining that a plaintiff alleging a constitutional violation for failure to allow access to courts must show "actual injury" by demonstrating that he did not have "a reasonably adequate opportunity" to present nonfrivolous claims to the courts).

Likewise, on page 6 of his Complaint, Jones alleges that Defendant Tripp "did permit and allowed" an unidentified county road-department employee to "refer to the Petitioner as 'that negra Brett Jones'" when the employee was responding, as she hung up the telephone after talking to Jones, to a co-employee's question asking who had just called. Complaint at 6. Jones allegedly inadvertently overheard the employee's remark to her co-employee and immediately called her back to ask why she called him a "negra" and she denied having done so. *See id.* at 7-8. Jones complains that the county manager never responded to his formal complaint. Jones does not allege that he suffered any adverse actions by the employee because of his race, and the Court cannot think of a federal statute or law that forbids a person from describing an African American as a "negra," in casual or private conversation with another person, no matter how politically incorrect or insensitive the english term may be, especially in New Mexico, where the term "negra" means "black" in Spanish.

Jones alleges that Tripp, the State, and the County have discriminated and violated his rights to equal protection by failing to provide potable water and electricity to "citizens living within the Rio Grande and Terra [sic] Grande Estates" while providing such amenities to other people living in "surrounding communities." Complaint at 10. These facts will not state a claim under § 1983 for discrimination or violation of the right to equal protection. *See, e.g.*, *Lindsey v. Thomson*, No. 06-7114, 275 Fed. App. 744, 746, 2007 WL 2693970, **3 (10th Cir. Sept. 10, 2007) (affirming the dismissal of the plaintiff's equal-protection claim because he failed to allege that "any of the

6

Defendants discriminated against him" because of his membership in a protected class, and quoting a Sixth-Circuit case holding, "[t]o state a claim under the Equal Protection Clause, a § 1983 plaintiff must allege that a state actor intentionally discriminated against the plaintiff because of membership in a protected class").

Further, Jones cannot sue the State or its agencies in federal court.  *See Ellis v. Univ. of Kan. Med. Ctr.*, 163 F.3d 1186, 1196 (10th Cir. 1998) (noting that "the Eleventh Amendment bars federal court jurisdiction over a [state or] state agency for both money damages and injunctive relief, or a state official acting in her official capacity in a suit for damages, [but that] a suit for prospective injunctive relief against a state official acting in her official or individual capacity may still be brought in federal court pursuant to the *Ex parte Young* doctrine, subject to new limitations").  Thus the Court does not have subject-matter jurisdiction over any of Jones' claims against the State or the State Livestock Board.

Jones has not stated sufficient allegations to state a cognizable federal claim against Socorro County, its Road Department, Commissioner Tripp, or any Does and the Court would decline to take supplemental jurisdiction over any potential state-law claims against these entities and individuals, especially since Jones already has a case pending in state court making similar allegations.  Having failed to state a cognizable federal claim, the Court will also dismiss Jones' Complaint under § 1915(e)(2)(B)(ii) and (iii).

**IT IS ORDERED** that Jones' motion to proceed IFP (Doc. 2) is DENIED and that his Complaint is DISMISSED without prejudice.

*[signature: Bruce D. Black]*
UNITED STATES DISTRICT JUDGE